UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

IN RE:

ROBERT L. SCHWARTZ,                    Case No. 10-71142
                                       Chapter 11
            Debtors.                   Hon. Marci B. McIvor
_____/

PAMELA LIGGETT,

            Plaintiff,

v.                                     Adv. No. 12-5634

ROBERT L. SCHWARTZ,

            Defendant.

_____/


**OPINION GRANTING DEFENDANT'S MOTION TO DISMISS**

       This matter is before the Court on Defendant's motion to dismiss Plaintiff's

second complaint alleging non-dischargeability of a debt owed to her by Defendant.

Defendant moves to dismiss Plaintiff's complaint pursuant to Fed. R. Civ. P. 8(a), 9(b),

12(b)(6) or, in the alternative, moves for summary judgment pursuant to Fed. R. Civ. P.

56.   For the reasons set forth below, this Court GRANTS Defendant's motion to

dismiss.  The Court finds that Defendant has already agreed that he has a non-

dischargeable obligation to Plaintiff for her fifty-percent interest in the Independence

One IRA pursuant to 11 U.S.C. § 523(a)(15).  To the extent the Plaintiff's complaint

seeks to increase the amount of her claim pursuant to 11 U.S.C. § 523(a)(4) or

§523(a)(6), the affirmative defense of *res judicata* defeats Plaintiff's claims.

I.

FACTUAL BACKGROUND

Robert Schwartz filed for divorce from Pamela Liggett in the Oakland County

Circuit Court in 1999. A Judgment of Divorce was entered on November 20, 2000. The

Judgment of Divorce states that all IRA and 401(k) plans of the parties are to be divided

equally, as of the date the accounts are transferred, including any gains or losses.

Specifically, the Judgment of Divorce states, in relevant part:

**PROPERTY SETTLEMENT**

\*      \*      \*

**IT IS FURTHER ORDERED AND ADJUDGED** that any IRA or 401K Plans shall be divided equally by and between the parties by way of a Qualified Domestic Relations Order (QDRO) if necessary. The costs of preparing the QDRO's necessary to effectuate this transfer shall be shared equally by and between the parties. In the event there are any gains or losses on any of these accounts from date of entry of the Judgment until such time as the accounts are transferred, said gains or losses shall be equally split between the parties, as well.

**IT IS FURTHER ORDERED AND ADJUDGED** that the Dykema Gossett Defined Benefit Pension, Howard and Howard Defined Benefit Pension, and Michcon Defined Benefit Pension shall be split equally between the parties by way of a Qualified Domestice Relations Order (QDRO). Each party shall be treated as a surviving spouse on the entire marital portion of the pension, for pre and post survivor benefits, unless the alternate payee elects to receive his/her share in an optional form, e.g. lump sum or a lifetime annuity. The costs for preparing said QDRO's shall be split equally by and between the parties. Each party shall retain any Plan improvements or COLA benefits which would inure to their share of the retirement benefits awarded.

(Judgment of Divorce, pp. 2-3).

2

In July, 2003, Liggett's divorce counsel sent correspondence to Schwartz's divorce counsel, directing Schwartz to execute five Qualified Domestic Relations Orders, ("QDRO's") for entry in the divorce proceeding pursuant to the Judgment of Divorce. The QDRO's were prepared by Liggett's counsel with regard to the following IRA accounts and 401(k) plans to be shared equally between the parties:

1.      Howard & Howard Attorneys, P.C. 401(k) Plan;

2.      Howard & Howard Attorneys, P.C. Pension Plan for Employees;

3.      Dykema Gossett PLLC Savings and Investment Plan;

4.      Dykema Gossett PLLC Retirement Plan; and

5.      Michcon Employees' Retirement Plan.

(See, Docket No. 151). On December 1, 2003, the Michcon Employees' Retirement Plan QDRO was entered in the Oakland County Circuit Court (*Id.*). On December 2, 2003, the executed QDRO's for the following accounts were entered in the Oakland County Circuit Court: Howard & Howard Attorneys, P.C. 401(k) Plan (*Id.*), Howard & Howard Attorneys, P.C. Pension Plan for Employees *(Id.*), Dykema Gossett PLLC Savings and Investment Plan (*Id.*), and Dykema Gossett PLLC Retirement Plan. (*Id.*). On January 6, 2005, a QDRO with regard to the DTE Energy Company Retirement Plan (a retirement account owned by Plaintiff) was entered in the Oakland County Circuit Court. (*Id.*). As of January 6, 2005, all IRA and 401(k) accounts of the parties referenced in the Judgment of Divorce were subject to QDROs.

At some point after January 6, 2005, Liggett became aware that Schwartz had an additional IRA at Independence One. The Independence One IRA is the subject of this adversary proceeding. While this adversary proceeding is couched as a non-

dischargeability action, Debtor Schwartz has already agreed that 50% of this IRA belongs to Liggett and that Liggett's one-half share of that IRA is non-dischargeable.[1] Therefore, the actual issued raised in this adversary proceeding is whether Liggett is entitled to some additional amount of money related to the delayed payment of Liggett's share of the Independence One IRA.

### Bankruptcy Proceedings

On October 8, 2010, Robert Schwartz ("Debtor") filed a Chapter 13 bankruptcy and filed his Chapter 13 Plan.

On December 27, 2010, Liggett filed a proof of claim (Claim # 14) for $82,859.24. Liggett states as the basis for her claim "divorce/arbitration awards," and alleged that $20,824.62 of this claim is entitled to priority. Specifically, Liggett's proof of claim stated the following amounts:

| | |
|---|---|
| Spousal Support Arrearage | $20,824.62 |
| One-half Interest IRA | $38,061.37 |
| The Second Arbitration Award | $15,473.25 |
| The Third Arbitration Award | $ 8,500.00 |
| **Total** | $82,859.24 |

Liggett also filed an Objection to the confirmation of Debtor's Chapter 13 Plan on the grounds that Debtor is not eligible for Chapter 13 relief under 11 U.S.C. § 109(e)

---

[1] The Court has fixed Liggett's claim against Schwartz in the amount of $60,485.10. Liggett continues to assert that she is entitled to approximately $4,000 more, based on an argument about the dates on which this Court fixed the amount of the claim. The parties are briefing this issue.

4

because Debtor's debts exceed the unsecured debt limit of $360,475.

On March 30, 2011, Debtor Schwartz filed an objection to Liggett's proof of claim. (Claim No. 14).

Sometime in early 2011, Liggett filed a "Verified Motion for Sanctions for Misrepresentation Regarding IRA, Attorneys Fees Pursuant to MCL 600.2591 and Related Relief" in the Oakland County Circuit Court. In that Motion, Liggett sought reimbursement for attorneys fees and sanctions against Schwartz, alleging that he had made fraudulent misrepresentations with regard to the subject IRA account, and that his actions amount to the type of frivolous conduct punishable under MCL 600.2591.[2]

On April 27, 2011, the Oakland County Circuit Court held a hearing on Liggett's Motion. Liggett's divorce counsel argued, "if the Court will bear with me, I will show the Court how this attorney [Robert Schwartz] committed a fraud and misrepresentation on the Court." (Transcript of April 27, 2011 hearing, pg. 17, lines 9-11). Liggett's divorce counsel argued that Schwartz had committed fraud by rolling over and liquidating funds from the Independence One IRA account without her knowledge.

The state court judge rejected Liggett's arguments and ruled in favor of Schwartz. The state court noted that Schwartz had multiple IRAs at the time of the divorce and that all but the subject IRA were covered by a QDRO. The state court

---

[2]MCL 600.2591(1) states:

(1) Upon motion of any party, if a court finds that a civil action or defense to a civil action was frivolous, the court that conducts the civil action *shall* award to the prevailing party the costs and fees incurred by that party in connection with the civil action by assessing the costs and fees against the nonprevailing party and their attorney. (emphasis added).

5

judge stated:

> Judge:  Well, you know what? He had a lot of QDROs. There were rollovers. I'm not buying – I'm not buying it. I'm not buying it. I think he forgot. I think he didn't keep good track of his money. I'm not going to assess attorneys fees on that. It has now been found. (Oakland County Circuit Court, Transcript of April 27, 2011 hearing, pg. 20, lines 8-13).

The Oakland County Circuit Court entered an order in favor of Schwartz, denying Liggett's motion in full. The state court concluded that Schwartz had not intentionally prevented Liggett from receiving her share of the subject IRA. The state court further concluded that Schwartz had not violated MCL 600.2591(1), and could not be required to pay fees incurred by Liggett.

On June 2, 2011, this Court issued an Opinion Denying Creditor's [Liggett's] Objection to Debtor's Plan on the Grounds of Eligibility. (Docket No. 76).

On June 15, 2011, Liggett filed a second proof of claim, Claim No. 22, in the amount of $353,973.05 for "divorce/conversion". Claim No. 22 indicates that it amends Claim No. 14.

On June 15, 2011, Liggett filed an adversary proceeding against Schwartz (the "First Non-Dischargeability Complaint"). (Adv. Case. No. 11-5830). The First Non-Dischargeability Complaint alleged that Schwartz failed to disclose all of his IRAs to Liggett and that the failure to disclose creates a non-dischargeable obligation under 11 U.S.C. §§ 523(a)(2), (4) and (5). The Complaint sought a non-dischargeable judgment in an unspecified amount.

On June 30, 2011, the Court held a hearing on Schwartz's objection to Liggett's Claim No. 14. At the conclusion of the hearing, the Court disallowed the portion of claim

relating to the spousal support arrearage and the second and third arbitration awards, finding no evidence that Schwartz owed Liggett for a support arrearage or a balance owed on an arbitration award. The Court also allowed the claim for Liggett's fifty-percent interest in the Independence One IRA. The parties were permitted to submit statements verifying their position as to the appropriate value of the subject IRA for purposes of determining Liggett's allowed proof of claim.

On July 8, 2011, this Court entered an Order Confirming Debtor's Chapter 13 Plan of Reorganization. This Order Confirming Plan was appealed to the United States District Court on July 12, 2011. (District Court Case Number 11-13160). Liggett disputed the Bankruptcy Court's finding that Schwartz was eligible to file a Chapter 13 case.

On July 11, 2011, Schwartz filed a Motion for Sanctions against Liggett.

On July 13, 2011, Schwartz filed an objection to Liggett's Claim No. 22.

On July 15, 2011, Schwartz filed a motion for summary judgment and a motion to dismiss the First Non-Dischargeability Complaint.

On July 18, 2011, this Court entered an Order Granting Debtor's Objection to Claim of Pamela Liggett (Claim No. 14). The Order also allowed Liggett's claim in the amount of $38,061.37 (Docket No. 97). This Order still left open the resolution of Claim No. 22, as it was unclear what portion of Claim No. 22 related to the Independence One IRA. The Order Granting Debtor's Objection to the Claim of Pamela Liggett (Claim No. 14) was appealed to the United States District Court on July 20, 2011. (District Court Case Number 12-11055).

On July 20, 2011, Liggett filed a Response to the Motion to Dismiss the First

Non-Dischargeability Complaint.

On September 13, 2011, this Court issued a Bench Opinion on the First Non-
Dischargeability Complaint.  In the Bench Opinion, this Court granted Schwartz's motion
for summary judgment with respect to § 523(a)(4) and § 523(a)(5) and granted
Schwartz's motion to dismiss the adversary proceeding under § 523(a)(2)(A). The Court
found that Schwartz's obligation to pay Liggett one-half of the Independence One IRA
pursuant to the parties' Judgment of Divorce was a contractual obligation and that, while
Schwartz may have breached that contract, Schwartz had not committed fraud, larceny,
or embezzlement as defined by §§ 523(a)(2) and (a)(4) of the Bankruptcy Code.

In its Bench Opinion, the Bankruptcy Court stated the following with regard to the
allegations under § 523(a)(4).  First, the Court addressed the allegations of fraud and
defalcation, stating:

> Plaintiff cites no case law to support his [sic.] argument that the
> divorce judgment created anything other than a contractual obligation
> between the parties. The Court finds that plaintiff fails to establish a cause
> of action under 11 U.S.C., Section 523(a)(4), for fraud or defalcation by a
> fiduciary. Specifically, this Court finds that as a matter of law, there was no
> fiduciary [duty] owed to plaintiff by defendant with respect to the subject
> IRA. There's no case law to support plaintiff's allegation that the parties
> became fiduciaries for each other to effectuate the terms of the judgment
> of divorce.  In the Sixth Circuit, a nondischargeable obligation for breach
> of duty only applies if the debtor breach[es] the terms of an express or
> technical trust.  In this case, there was neither an express nor a technical
> trust. Instead, defendant and plaintiff had a contractual relationship
> established by the judgment of divorce for defendant to remit the funds
> held in the subject IRA.  Consequently, because the defendant owed no
> fiduciary duty to plaintiff, defendant cannot have breached that duty.

(Transcript from Hearing on September 13, 2011, pg. 27, ln. 6-24).  Then, with respect
to embezzlement, the Court continued:

> This Court cannot find the defendant's failure to pay plaintiff her share of

8

the subject IRA constitutes embezzlement for purposes of 11 U.S.C., Section 523(a)(4). Accordingly, the Court grants summary judgment with respect to this allegation...this Court grants summary judgment to defendant under 11 U.S.C., Section 523(a)(4), finding – making no finding of nondischargeability.

(Transcript from Hearing on September 13, 2011, pg. 31, ln. 16-21; pg. 32-33, ln 25-1).

This Court also denied Schwartz's Motion for Sanctions in that same Bench Opinion.   That same day, Liggett filed an appeal of this ruling in the United States District Court for the Eastern District of Michigan (District Court Case Number 11-14834).

On September 22, 2011, the Court held a hearing on Schwartz's objection to Claim No. 22.   At that hearing, the Court also addressed the issue of conversion, which constitutes a willful and malicious act under § 523(a)(6).  The Court stated:

First the Court will deal with the alleged possibility of treble damages based on some conversion theory. Under Michigan common law the tort of conversion is "any distinct act of dominion wrongfully exerted over another person's personal property in denial or inconsistent with the rights therein". *See Foremost Insurance Company v Allstate Insurance Company*, a Michigan case 439 Mich 378 from 1992.

To support an action for common law conversion of money, a defendant, "must have obtained the money without the owner's consent to the creation of a debtor/creditor relationship and must have had an obligation to return the specific money to the plaintiff's care". And that standard is -- that quotation comes from a case called *Head v Phillips Camper Sales and Rental, Inc.*, 234 Mich App 94, a 1999 case.

Creditor Liggett never owned the Independence One IRA. That IRA belonged to debtor Robert Schwartz. Creditor never had an ownership interest in -- in the IRA. Her right to funds from the IRA, or the proceeds from the IRA existed solely as a result of the judgment of divorce.

Debtor did not obtain the IRA without the creditor's permission. He owned the IRA and subsequently failed to honor his contractual obligations created by the judgment of divorce to pay the creditor her share of the proceeds from the IRA.

9

> Since creditor Liggett did not have an ownership interest in the IRA at the time the IRA was created and her interest was created by a subsequent document, debtor never converted something that was owned by the creditor to his own use. In spending the money in the IRA, he was spending his own money subject to a claim by the creditor that she was entitled to a 50% share of the funds that were -– were taken out of the IRA.
>
> Under Michigan law creditor Liggett has failed to state a cause of action for conversion and that part of her claim is disallowed.

(Transcript of hearing on September 22, 2011, pp. 39-40, Docket No. 142; See also, hearing held on October 23, 2012.)

On January 30, 2012, the bankruptcy court issued an Opinion Determining the Amount of Creditor's Claim No. 22, that superceded the July 18, 2011 Order regarding Liggett's original proof of claim.  In the January 30, 2012 Opinion, the Bankruptcy Court determined that Liggett had an unsecured claim against Schwartz in the amount of $60,485.10.  This amount was the sum of one-half the value of the Independence One IRA on the date it was liquidated ($38,061.37) plus the amount awarded to Liggett for the appreciated value of the fund had it not been liquidated.  On February 6, 2012, Liggett filed an appeal of this ruling in the United States District Court for the Eastern District of Michigan (District Court Case Number 11-13161).

On March 27, 2012, the United States District Court, in Case Number 11-13160, issued an order reversing the Bankruptcy Court's decision that Debtor Schwartz is eligible for relief under Chapter 13 of the Bankruptcy Code, vacating the Bankruptcy Court's Order Confirming Plan, and remanding the case to the Bankruptcy Court for further proceedings.  On that same date, the United States District Court, in Case Number 11-13161, dismissed the appeal of the Bankruptcy Court's Order Granting

Debtor's Objection to Claim of Pamela Liggett (Claim #14) on the grounds that, because the January 2012 Opinion and Order explicitly superceded the July 18, 2011 order, the July 18, 2011 order is not a final judgment, order or decree under §158(a)(1). Thus, the appeal from the earlier order is moot and not reviewable.

On April 27, 2012, the United States District Court, in Case No. 12-11055, issued an order dismissing without prejudice the appeal of the amount of Liggett's proof of claim (Claim No. 22) on the grounds that, because the District Court had vacated the Bankruptcy Court's confirmation of Schwartz's Chapter 13 plan on the grounds that he was ineligible for relief under Chapter 13 of the Bankruptcy Code, the parties no longer had a legally cognizable interest in a determination of Liggett's proof of claim against Schwartz's Chapter 13 bankruptcy estate.

Also, on April 27, 2012, the United States District Court, in Case No. 11-14834, issued an order dismissing without prejudice the appeal of the First Non-Dischargeability Complaint (Bankruptcy Adversary Case No. 11-5830) seeking a non-dischargeable judgment against Schwartz. Because the District Court had vacated the Bankruptcy Court's confirmation of Schwartz's Chapter 13 plan on the grounds that he was ineligible for relief under Chapter 13 of the Bankruptcy Code, the parties no longer had a legally cognizable interest in a determination of whether Schwartz's acknowledged debt to Liggett was dischargeable in bankruptcy.

On June 5, 2012, Debtor Schwartz converted his Chapter 13 case to a case under Chapter 11 of the Bankruptcy Code.

On September 10, 2012, Liggett filed Proof of Claim number 24 in the amount of

$460,660.35.[3]  Debtor Schwartz filed an objection to that claim.  On October 23, 2012, this Court sustained Debtor's Objection to Claim Number 24.   The Court fixed the value of Liggett's claim at $60,485.10 with an instruction that the parties should attempt to resolve the issue of whether Liggett was entitled to additional interest on that claim.

On September 10, 2012, Liggett ("Plaintiff") filed the instant Adversary Complaint against Schwartz ("Defendant") alleging that Defendant failed to disclose his Independence One IRA to Liggett and that the failure to disclose creates non-dischargeable obligation under 11 U.S.C. §§ 523(a)(4), (6) and (15) ("Second Non-Dischargeability Complaint").

On October 23, 2012, this Court held a confirmation hearing on Defendant/Debtor's Chapter 11 Plan of Reorganization.  Only the Internal Revenue Service and Plaintiff objected to confirmation.   The Court overruled Plaintiff's objection to confirmation.  After Defendant entered into a stipulation with the IRS resolving its objection, this Court confirmed Defendant/Debtor's Plan on November 5, 2012.

The matter currently before the Court is Defendant's Motion to Dismiss Adversary Proceeding [the Second Non-Dischargeability Complaint] under Fed. R. Civ. P. 8(a), 9(b), 12(b)(6), or in the Alternative, Motion for Summary Judgment Pursuant to Fed. R. Civ. P. 56.

II.

---

[3]Claim No. 24 filed by Liggett in Schwartz's Chapter 11 case essentially replaced Claim No. 22 filed by Liggett in Schwartz's Chapter 13 case.

12

## STANDARD FOR DISMISSAL

Federal Rule of Civil Procedure § 12(b)(6), made applicable to adversary proceedings in bankruptcy through Fed. R. Bankr. P. § 7012(b), provides for dismissal of a complaint for "failure to state a claim upon which relief can be granted." A motion to dismiss pursuant to Rule 12(b)(6) operates to test the sufficiency of the complaint. The court is required to construe the complaint in the light most favorable to the plaintiff, and accept all well-pleaded factual allegations in the complaint as true. *See Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974); *Lewis v. ACB Business Services*, 135 F.3d 389, 405 (6th Cir. 1998). A court will not accept conclusions of law or unwarranted inferences which are presented as factual allegations. *Blackburn v. Fisk University*, 443 F.2d 121, 124 (6th Cir. 1974). A complaint must contain either direct or reasonable inferential allegations that support all material elements necessary to sustain a recovery under some viable legal theory. *Lewis v. ACB*, 135 F.3d at 405 (internal citations omitted).

A complaint must be dismissed pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1965 (2007)(rejecting the traditional 12(b)(6) standard set forth in *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). To survive a motion to dismiss, the factual allegations in the complaint "must be enough to raise a right to relief above the speculative level." *Bell Atlantic*, 127 S. Ct. at 1965.


III.

## STANDARD FOR SUMMARY JUDGMENT

13

Summary judgment is appropriate only when there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); Fed. R. Bankr. P. 7056 (Rule 56 applies in adversary proceedings). The central inquiry is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986). After adequate time for discovery and upon motion, Rule 56(c) mandates summary judgment against a party who fails to establish the existence of an element essential to that party's case and on which that party bears the burden of proof at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

The movant has an initial burden of showing "the absence of a genuine issue of material fact." *Celotex*, 477 U.S. 317, 323. Once the movant meets this burden, the non-movant must come forward with specific facts showing that there is a genuine issue for trial. *Matsushita Electric Industrial Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). To demonstrate a genuine issue, the non-movant must present sufficient evidence upon which a jury could reasonably find for the non-movant; a "scintilla of evidence" is insufficient. *Liberty Lobby*, 477 U.S. at 252. The court must believe the non-movant's evidence and draw "all justifiable inferences" in the non-movant's favor. *Liberty Lobby*, 477 U.S. at 255.

IV.

JURISDICTION

Bankruptcy courts have jurisdiction over all cases under Title 11 and all core

14

proceedings arising under Title 11, or arising in a case under Title 11.   28 U.S.C. §§1334 & 157.  Core proceedings include proceedings to determine dischargeability. *Id.*  § 157(b)(2)(I).  As this is a proceeding to determine dischargeability, this is a core proceeding under 28 U.S.C. § 157(b).  Thus, this Court has jurisdiction over this matter.


V.

ANALYSIS

In the instant adversary complaint, Plaintiff contends that Defendant failed to comply with the Judgment of Divorce entered on November 20, 2000, by failing, at the time of the divorce, to split an IRA located at Independence One.  Plaintiff alleges that Defendant's failure to turn over one-half of the Independence One IRA at the time of the divorce was a breach of his fiduciary duty and constitutes embezzlement in violation of § 523(a)(4) and is, therefore, a non-dischargeable obligation. (Counts I and II).  Plaintiff also alleges that Defendant's failure to turnover one-half of the Independence One IRA at the time of the divorce was conversion under § 523(a)(6). (Count III).  Plaintiff further asserts that the sums to be recovered from the Independence One IRA along with attorney fees and arbitration awards emanating from the Judgment of Divorce are a non-dischargeable property settlement under § 523(a)(15) (Count IV).       Before the Court addresses the issues raised by the parties, it is important to note that this adversary proceeding (the Second Complaint for Non-Dischargeability) seeks a determination that the amounts owed by Defendant with respect to the Independence One IRA are non-dischargeable, even though Defendant has already acknowledged that Plaintiff's share of the Independence One IRA is a non-dischargeable debt.  Since

15

Defendant has already acknowledged that he has a non-dischargeable liability to Plaintiff and this Court has already fixed that liability at approximately $60,485.10,[4] the Court can only conclude that this complaint is nothing more than an attempt by Plaintiff to re-litigate the amount of her claim. (This Court has ruled on Plaintiff's Proofs of Claim three times: (1) Order Granting Debtor's Objection to Claim of Pamela Liggett (Claim No. 14), Docket No. 97 ; (2) Opinion Determining the Amount of Creditor's Claim No. 22, Docket No.151; and (3) October 23, 2012 Bench Opinion sustaining Debtor's objection to Plaintiff's Claim No. 24).

In this complaint, Plaintiff alleges non-dischargeability under 11 U.S.C. §523(a)(4)(embezzlement) and § 523(a)(6)(conversion). Plaintiff has already raised these issues in the context of the claims process. (See, Docket Nos. 97, 151 and Bench Opinion issued October 23, 2012). Because these issues have been ruled on in the context of the claims process, and because Defendant does not dispute that the IRA obligation is non-dischargeable, this Court is deeply troubled about the waste of judicial resources in continuing to litigate issues already decided by the Court.

Even though this Court believes that it has already fully addressed the allegations made by Plaintiff in her Second Non-Dischargeability Complaint, the Court will discuss the arguments set forth in the motion to dismiss, and the response thereto, to provide a complete record for the appellate court. Defendant moves to dismiss Plaintiff's case alleging that Plaintiff fails to satisfy the requirements for pleading set forth in Fed. R. Civ. P. 8(a), fails to plead fraud with sufficient particularity under Fed. R.

_____

[4] See footnote 1.

16

Civ. P. 9(b), and fails to state a claim for which relief can be granted under Fed. R. Civ. P. 12(b)(6). Defendant also moves to dismiss the case because Plaintiff has failed to state a claim for which relief can be granted under Fed. R. Civ. P. 56. Defendant also raised *res judicata* as a grounds to dismiss Plaintiff's Second Non-Dischargeability Complaint. Although Defendant did not link the defense to a specific rule, *res judicata* is an affirmative defense under Fed. R. Civ. P. 8(c). An affirmative defenses may defeat a plaintiff's claim if accepted by the jury or judge. Wright & Miller, *Federal Practice and Procedure: Civil 3d*, § 1270, p. 561. The assertion of *res judicata* is proper on a motion to dismiss under Fed. R. Civ. P. 12(b)(6). *Kaufman v. Somers Board of Education*, 368 F. Supp. 28, 31-32 (D. Conn. 1973).

A.     Plaintiff's Allegations under 11 U.S.C. § 523(a)(4) and § 523(a)(6) in the Second Non-Dischargeability Complaint are Barred by the Doctrine of *Res Judicata.*

*Res judicata* principles bar re-litigation of any issues raised or that could have been raised in the prior proceeding. The four elements of res judicata are:

> (1) a final decision on the merits by a court of competent jurisdiction; (2) a subsequent action between the same parties or their 'privies'; (3) an issue in the subsequent action which was litigated or which should have been litigated in the prior action; and (4) an identity of the causes of action.

*In re Crowley, Milner and Co.,* 299 B.R. 830, 844 (Bankr. E.D. Mich. 2003)*. Res judicata* bars all claims that were or might have been presented and all defenses that were or might have been presented as though they had been actually litigated. The policy rationale behind *res judicata* is to "relieve parties of the cost and vexation of multiple lawsuits, conserve judicial resources, and by preventing inconsistent decisions, encourage reliance on adjudication." *Res judicata* prevents plaintiffs from splitting their

claims by providing a strong incentive for them to plead all factually related allegations and legal theories for recovery the first time they bring suit. *In re Desrosiers*, 212 B.R. 716, 724-5 (Bankr. D. Mass. 1997); *See also, Federated Department Stores, Inc. v. Moitie*, 452 U.S. 394, 401 (1981).

Applying the elements of *res judicata* to this case, this Court finds that *res judicata* bars re-litigation of both Plaintiff's § 523(a)(4) and § 523(a)(6) claim.[5] The Court will first address Plaintiff's claim that she is entitled to treble damages as to the amount already determined to be non-dischargeable on the grounds that Defendant breached his fiduciary duty, an element of § 523(a)(4)(Count I) or embezzled Plaintiff's share of the IRA, embezzlement being a willful and malicious act under § 523(a)(6) (Count II).

1. Plaintiff's Claims under 11 U.S.C. § 523(a)(4) Are Barred by the Doctrine of *Res Judicata*.

Bankruptcy Code § 523(a)(4) provides:

(a) A discharge under section 727,1141, 1228(a), 1228(b), or 1328(b) of this title does not discharge an individual debtor from any debt –

---

[5]This Court acknowledges that the District Court's Order issued on April 27, 2012 dismissing Plaintiff's previous appeal of this Court's Order dismissing Plaintiff's First Non-Dischargeability Complaint left Plaintiff's appeal in an odd procedural posture. Possibly Plaintiff believed the only way to preserve her appeal was to file the Second Non-Dischargeability Complaint. This Court disagrees. The District Court dismissed Plaintiff's prior appeal without prejudice. Since Defendant converted his case and his Plan provides for treatment of Plaintiff's claim as a non-dischargeable claim, Plaintiff's remedy is to appeal the Order Confirming Debtor's Plan or appeal the Order Sustaining Defendant's Objection to Plaintiff's Claim No. 24, rather than filing a Second Non-Dischargeability Complaint. The issues raised by Plaintiff in this Complaint have been fully decided in prior rulings.

> (4) for fraud or defalcation while acting in a fiduciary capacity,
> embezzlement, or larceny.

11 U.S.C. § 523(a)(4). Under § 523(a)(4), a debt is non-dischargeable if it resulted from

(1) fraud or defalcation while acting in a fiduciary capacity; or (2) from embezzlement; or

(3) from larceny.

In this Court's Bench Opinion granting summary judgment to Defendant on

Plaintiff's First Non-Dischargeability Complaint,[6] the Court stated that a debt is

non-dischargeable as a defalcation while acting in a fiduciary capacity when the

preponderance of the evidence establishes: (1) a preexisting fiduciary relationship; (2)

breach of that fiduciary relationship; and (3) a resulting loss. *Board of Trustees of the*

*Ohio Carpenters' Pension Fund v. Bucci (In re Bucci)*, 493 F.3d 635, 639 (6th Cir.

2007). Defalcation does not apply to someone who merely fails to meet an obligation

under a common law fiduciary relationship. *Id.* at 640. The defalcation provision

applies to only those situations involving an express or technical trust relationship

arising from placement of a specific *res* in the hands of the debtor. *Id.* To establish the

existence of an express or technical trust, a creditor must demonstrate: (1) an intent to

create a trust; (2) a trustee; (3) a trust *res*; and (4) a definite beneficiary. *Id.* The Court

found that Plaintiff had not established that she and Defendant were in a fiduciary

relationship because the judgment of divorce neither created a trust nor established that

Defendant was a fiduciary of that trust.

With regards to Plaintiff's claim that Defendant "embezzled" her share of the

---

[6]This Opinion was issued on issued on September 13, 2011 in adversary case
number 11-5830.

Independence One IRA, this Court also dealt with this issue in its prior opinion granting summary judgment on the First Non-Dischargeability Complaint. In the Bench Opinion issued on September 13, 2011, this Court explained that embezzlement only exists where the property in question was owned by another, then entrusted to the debtor by the owner, and subsequently misappropriated by the debtor. The best example of embezzlement is when a bank teller takes the money of bank customers and uses that money for the bank teller's own use. This Court found that a debtor's use of property that is encumbered by the interest of a third party is generally not embezzlement. *See, In re Stollman*, 404 B.R. 244, 272-273 (Bankr. E.D. Mich. 2009). Based on *Stollman* and the majority view on embezzlement, this Court ruled that Defendant's failure to turn over one-half of funds in the IRA was not embezzlement. This Court granted summary judgment to Defendant on the § 523(a)(4) claim in the First Non-Dischargeability Complaint.

Plaintiff cannot seriously argue that the issue of whether Plaintiff has some sort of non-dischargeable claim against Defendant remains undecided by this Court. However, Plaintiff's new attorney argues that this Court, in its prior ruling on Plaintiff's First Non-Dischargeability Complaint alleging non-dischargeability under § 523(a)(4), relied on the wrong law. *Res Judicata* applies to bar such an argument. The policy underlying the doctrine is to force parties to raise all their issues at the same time and to prevent a second bite of the apple if a party decides it does not like the outcome of the first decision. *Federated Department Stores*, 452 U.S. at 401.

Even if this Court were considering this matter for the first time, there is no case law to support Plaintiff's argument that Defendant's failure to pay Plaintiff her one-half

20

share of an IRA constituted fraud or defalcation while acting in a fiduciary capacity or embezzlement.

Defendant cites *Russell v. Russell (In re Russell)*, 141 B.R. 107 (Bankr. W.D. La. 1992); *Rountrey v. Lee (In re Lee)*, 90 B.R. 202 (Bankr. E.D. Va. 1988); *Flanagan v. Flanagan (In re Flanagan)*, 2000 WL 33679397 (Bankr. D. N.H.) and *In re Eichelberger*, 100 B.R. 861 (Bankr. S.D. Tex. 1989) for the proposition that a defendant's failure to pay specific property awarded in a judgment of divorce constitutes defalcation while acting in a fiduciary capacity or that the failure to pay over funds owed pursuant to a judgment of divorce is embezzlement.  In the *Russell* case, the state court, *as part of a partition suit*, awarded the ex-wife a sole and separate property interest in a known asset, her former husband's military pension.   In the *Lee* case, during the parties' divorce, the state court found that the defendant had committed fraud and conversion of marital assets.  Relying on the state court judgment, the bankruptcy court held defendant/debtor's debt to his ex-wife was non-dischargeable based on the collateral estoppel effect of the state court judgment.  In *Flanagan*, debtor failed to turn over one-half of a workers' compensation award that the state court had explicitly ordered him to pay over to his wife.  In the *Eichelberger* case, the divorce decree stated, in part, "Husband is appointed trustee for wife . . .",  *Eichelberger*, 100 B.R. at 862, thereby creating a fiduciary relationship between the parties.  None of these cases are factually similar to the instant case.

The Court finds that the doctrine of *res judicata* bars re-litigation of Plaintiff's claims under § 523(a)(4).  Plaintiff has cited no new theory or case law which defeats this affirmative defense.

2. The Doctrine of *Res Judicata* Bars Re-litigation of Plaintiff's Claim That Defendant Committed a Willful and Malicious Act When He Failed to Pay over One-half of the Ira at the Time the Divorce Was Entered.

In Count III of the Second Non-Dischargeability Complaint, Plaintiff alleges that Defendant's failure to turn over one-half of the IRA was willful and malicious and, therefore, Plaintiff is entitled to additional damages pursuant to 11 U.S.C. § 523(a)(6) and state law.

Section 523(a)(6) states:

(a) A discharge under section 727,1141, 1228(a), 1228(b), or 1328(b) of this title does not discharge an individual debtor from any debt –

(6) for willful and malicious injury by the debtor to another entity or to the property of another entity;

In order to establish non-dischargeability of debt based on willful and malicious injury, a court must make separate findings that the resulting injury was both "willful" and "malicious." *Eberhardt v. Comerica Bank*, 171 B.R. 239, 244 (Bankr. E.D. Mich. 1994) (*citing* 11 U.S.C. § 523(a)(6)) (emphasis added). The absence of one creates a dischargeable debt. *Markowitz v. Campbell (In re Markowitz)*, 190 F.3d 455, 463 (6th Cir. 1999).

An act is "willful" under § 523(a)(6) if the debtor desired to cause the consequences of his act or if the injury was substantially certain to result. *Kawaauhau v. Geiger*, 523 U.S. 57, 61 (1998); *Markowitz v. Campbell (In re Markowitz)*, 190 F.3d 455, 466 (6th Cir. 1999). An act is malicious for purposes of 523(a)(6) if it is "in conscious disregard of one's duties or without just cause or excuse; it does not require ill-will or specific intent." *Monsanto Co. v. Trantham (In re Trantham),* 304 B.R. 298,

308 (6th Cir. BAP 2004). Case law states that conversion constitutes a willful and malicious act under 11 U.S.C. § 523(a)(6).

Plaintiff did not raise the issue of non-dischargeability under 11 U.S.C. §523(a)(6) in her First Non-Dischargeability Complaint. In Plaintiff's Second Non-Dischargeability Complaint, Plaintiff seeks to have the subject debt deemed non-dischargeable under § 523(a)(6) both under theories of conversion and willful and malicious conduct. Because Plaintiff could have raised non-dischargeability under §523(a)(6) in her First Non-Dischargeability Complaint but did not, she is barred from raising it now under the doctrine of *res judicata*.

Furthermore, despite the fact that Plaintiff did not raise non-dischargeability under § 523(a)(6) (willful and malicious conduct) in her First Non-Dischargeability Complaint, Plaintiff did raise the issue alleging damages for conversion as a component of her filed proofs of claim. In the context of ruling on Defendant's objections to Plaintiff's proof of claim number 22 in the Chapter 13 case and proof of claim number 24 in the Chapter 11 case, this Court has already ruled that Plaintiff failed to state a claim for conversion. In sustaining Defendant's objection to the conversion component of Plaintiff's claims, the Court stated, "[u]nder Michigan law creditor Liggett has failed to state a cause of action for conversion and that part of her claim is disallowed."[7] (September 22, 2011 hearing on Defendant's Objection to Liggett's Proof of Claim, No. 22, Docket No. 142, pp. 39-40; See also, January 30, 2012 Opinion referencing the September 22, 2011 hearing and the October 23, 2012 Opinion.)

---

[7]The full quote is set forth in the statement of facts, *supra*, p. 9-10.

23

In addition, this Court notes that the Oakland County Circuit Court found that Defendant did not willfully or maliciously fail to comply with the Judgment of Divorce. At the time the Judgment of Divorce was entered, Defendant and Plaintiff both agreed to split their many IRA's and pension plans. Five QDRO's were entered and effectuated. At some time later, Defendant discovered an additional IRA, the Independence One IRA. Plaintiff pursued a cause of action in the state court on the grounds that Defendant committed fraud and misrepresentation on the court. The state court found that Defendant did not intentionally fail to disclose the Independence One IRA. The state court judge stated:

> Well, you know what? He had a lot of QDROs. There were rollovers. I'm not buying – I'm not buying it. I'm not buying it. I think he forgot. I think he didn't keep good track of his money. I'm not going to assess attorneys fees on that. It has now been found.

(Oakland County Circuit Court Transcript, April 27, 2011 hearing, pg. 20, lines 8-13).

Despite the clear application of the doctrine of *res judicata* to Plaintiff's §523(a)(6) claim, Plaintiff alleges that numerous cases have found that the failure of a defendant to pay specific property awarded in a divorce judgment to a former spouse is conversion and/or willful and malicious conduct which creates a non-dischargeable liability under 11 U.S.C. § 523(a)(6). *See, Straub v. Straub (In re Straub),* 192 B.R. 522, 526 (Bankr. D.N.D. 1996); *In re Sateren*, 183 B.R. 576 (Bankr. N.D. 1995); *In re Mace*, 82 B.R. 864, 868 (Bankr. S.D. Ohio 1987); *Neumann v. Neumann (In re Neumann)*, 182 B.R. 502 (Bankr. N.D. Ohio 1995); *Russell v. Russell*, 141 B.R. 107.

Again, even if this Court were considering Plaintiff's allegations for the first time, all of the cases cited by Plaintiff are both factually and legally distinguishable. Each of

these cases is factually distinguishable from the instant case because the debtors in the cited cases committed wrongdoing at the time of the divorce. In the instant case, the Defendant complied with the Judgment of Divorce but later discovered an asset the Judgment of Divorce required to be split with Plaintiff. Each of these cases is legally distinguishable from this case because they were decided before the cases of *Kawaauhau v. Geiger*, 523 U.S. 57, 61 (1998), *Markowitz v. Campbell (In re Markowitz)*, 190 F.3d 455, 466 (6th Cir. 1999), and *Monsanto Co. v. Trantham (In re Trantham),* 304 B.R. 298, 308 (6th Cir. BAP 2004) which clarified the standards for non-dischargeability under § 523(a)(6). Defendant only has a non-dischargeable obligation under §523(a)(6) if his conduct is both willful and malicious. Much of the law cited in the earlier decided decisions is no longer applicable because it applies a lower standard. There is nothing in the record to support a finding that Defendant's conduct was willful or malicious.[8]

B.     Plaintiff's Allegations of Non-Dischargeability under 11 U.S.C. § 523(a)(15) are Moot.

In Plaintiff's Second Non-Dischargeability Complaint, Plaintiff alleges that Defendant's failure to turnover one-half of the Independence One IRA constitutes a property settlement which is a non-dischargeable obligation under § 523(a)(15).(Count IV). Under § 523(a)(15), debts arising from a property settlement are non-dischargeable in bankruptcy. Section 523(a)(15) states:

---

[8]Even if Defendant's conduct was willful and malicious, Defendant has already conceded that the debt is non-dischargeable. Plaintiff cannot obtain any additional damages unless she could link Defendant's conduct to some state statute which would give her treble damages. Plaintiff has no facts to support such a claim.

(a) A discharge under section 727,1141, 1228(a), 1228(b), or 1328(b) of
this title does not discharge an individual debtor from any debt –

> (15) to a spouse, former spouse, or child of the debtor and not of the kind
> described in paragraph (5) that is incurred by the debtor in the course of a
> divorce or separation or in connection with a separation agreement,
> divorce decree or other order of a court of record, or a determination made
> in accordance with State or territorial law by a governmental unit;

Plaintiff also raises MCL 600.2919(a)(1), which allows treble damages for
embezzlement or conversion (Count IV).

This Court finds that Defendant has already conceded that Plaintiff's one-half
interest in the Independence One IRA is non-dischargeable. Because Defendant has
conceded non-dischargeability with respect to Plaintiff's one-half interest of the subject
IRA, there is no subject matter in dispute with respect to § 523(a)(15). Plaintiff has also
failed to allege any new facts or law to support a claim for embezzlement or conversion.
Therefore, Plaintiff fails to state any theory which would allow her to demand treble
damages.

VI.

CONCLUSION

For the above-stated reasons, this Court GRANTS Defendant's Motion to
Dismiss on the grounds that the affirmative defense of *res judicata* precludes Plaintiff
from asserting claims under § 523(a)(4) and § 523(a)(6). In the alternative, this Court
finds that there are no material questions of fact, and Defendant is entitled to judgment

26

as a matter of law pursuant to Fed. R. Civ. P. 56.  This Court further finds that the

parties are in agreement that Plaintiff's one-half interest in the Independence One IRA is

non-dischargeable under § 523(a)(15) in the approximate amount of $60,485.10.

Signed on November 26, 2012

                                        /s/ Marci B. McIvor
                        _____
                                    Marci B. McIvor
                                    United States Bankruptcy Judge